PERCY S. LYON AND ELIZABETH J. LYON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41203. Filed October 29, 1954.

*Harold S. Lyon, Esq.*, for the petitioners.
*Stanley W. Herzfeld, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency of $6,222.98 in the income tax of the petitioners for 1947. The only issue is whether $11,213, representing the value of an annuity contract distributed to the petitioner Percy S. Lyon in 1947 was taxable as income. The parties have presented the facts by a stipulation which is adopted as the findings of fact.

The petitioners, husband and wife, filed a joint income tax return for 1947 with the collector of internal revenue for the first district of Pennsylvania.

Percy was president of the Cochrane Company on December 30, 1941, and continued in that position until he resigned on October 1, 1945.

Cochrane entered into an incentive trust agreement with the Fidelity-Philadelphia Trust Company, as trustee, on December 30, 1941. Percy was one of the employees selected to benefit under the agreement, and Cochrane paid to the trustee under the agreement $72,475 in 1941, of which $18,845 was allocated for the benefit of Percy. No other contribution was ever made to the trust for the benefit of Percy. There were but 14 beneficiaries of the incentive retirement trust, all of whom were officers or highly compensated employees of Cochrane which had approximately 350 employees.

The trustee of the incentive trust, on January 30, 1943, used $11,213 of the amount deposited with it in 1941 for the benefit of Percy, to purchase a single premium annuity contract, and on or about May 20, 1947, it assigned the annuity contract to Percy, following notice by the corporation of the discontinuance of the trust. Percy retained that contract throughout the taxable year and in later years received annuity payments under it. He did not report any amount to represent the receipt by him of the annuity contract in his joint income tax return for 1947. The Commissioner, in determining the deficiency, added $11,213 to the income reported and explained that it represented the fair market value of the annuity contract received by Percy in 1947.

The Commissioner's argument, that the value of the contract which Percy received in 1947 is income to him under section 22 (a), unless some other section of the Internal Revenue Code limits or defers its taxability, is sound. The petitioners make an argument based upon section 29.165–6 of Regulations 111 which provides that the cash surrender value of an annuity contract purchased by a trust exempt under section 165 (a) will not be considered income to the employee in the year it is distributed to him if distributed "in a year for which the

trust is exempt." Both parties hereto agree that this trust was exempt under section 165 (a) of the Internal Revenue Code as it applied to the year 1941. However, that provision was amended by section 162 (a) of the Revenue Act of 1942 and the petitioners do not contend that the trust satisfied the new requirements of section 165 (a). Cochrane gave notice at the end of 1942 that it would not make any further contributions to this trust and it gave notice in 1945 that the trust was to terminate. The petitioners argue from these circumstances, and from the fact that the trust was exempt when it was created in 1941, that its exempt character continued for the purpose of the above regulation. There is no occasion to pass upon the validity of the regulation because obviously it refers only to trusts exempt under the law applicable to the year in which the distribution is made, and this was not such a trust. No other provision of law or of the regulations has been cited or has come to the attention of the Court which would in any way affect the taxability of this distribution under section 22 (a).

*Decision will be entered for the respondent.*